FRANCIS HAMILTON v. THE STATE

No. 11296.    Delivered January 18, 1928.

**Burglary—Accomplice Testimony—Must Be Corroborated.**

There being no testimony shown by this record tending to connect the appellant with the offense charged, aside from that of a confessed accomplice, the judgment will be reversed and the cause remanded.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for burglary, penalty twelve years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson*, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary, punishment twelve years in the penitentiary.

A store was burglarized in Jarrell, Texas, and a quantity of shoes, dresses and other personal property, the exact extent of which was unknown to the owner, taken therefrom. Certain dresses and shoes were later recovered by the officers, and the manager of the merchantile establishment whose house was burglarized testified that, in his best judgment, said shoes and dresses were articles taken out of his store. The state relied chiefly on the testimony of a self-confessed accomplice who said that she, in company with appellant and three or four others, was present in Jarrell on the night in question when appellant and one Turner broke into the store, got some shoes and dresses and other articles. She said that the next morning some of the shoes taken from the burglarized store were thrown out in Falkner's Lane at Waco. Said burglary occurred on the night of the 21st of April, 1927. Mr. Pricket testified that on the morning of April 22, 1927, he found eight shoes in Falkner's Lane at Waco, which were turned over to Sheriff Bigham of Bell County. Sheriff Bigham testified that he received eight shoes from Witness Pricket and turned said shoes over to Sheriff Lowe of Williamson County. He said that in his judgment the shoes exhibited in court were the same ones he received from Pricket. Sheriff Lowe testified that the shoes exhibited in court were the ones he received from Mr. Bigham.

Witness Lee testified that on the night of the 21st of April, and in the early part of the night, he saw Addie Burnhardt, the accomplice witness above mentioned, with another girl and three men in San Antonio, Texas, and last saw them about eleven o'clock that night, at which time they all got in a big closed car and drove away from where witness was. Bill Newton testified that sometime between the 20th and 25th of April, 1927, he saw the same parties, viz: Addie Burnhardt, another girl, appellant and two other men in Mineral Wells, Texas, in a closed car. This is practically a complete statement of the incriminating testimony. Aside from that of the accomplice,

we find no evidence in this record tending to connect the appellant with the offense of burglary of the store at Jarrell in Williamson County at night on April 21, 1927. No witness testifies to having seen him in Williamson County. No witness traces any of the alleged stolen property to his possession. Neither the shoes nor the dresses, which were identified, are shown to have ever been had by him, nor is there any statement in testimony made by appellant or tending to connect him with the commission of this offense other than from the accomplice. Lee says he saw appellant and four other parties in San Antonio in a closed car on the night of April 21. Newton says he saw appellant and the same parties in Mineral Wells between the 20th and 25th of April in a closed car. If we should apply to this case one of the recognized tests of whether there be corroboration, namely, the analysis of the other testimony aside from that of the accomplice, we should be forced to conclude that the record contains no evidence measuring up to the requirement of corroboration. For entire lack of corroboration of the accomplice, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*